**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 08-3553 & 09-2359

RABIB UL HAQ;
VIOLET RABIB UL HAQ;
ASNAM UL HAQ, Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES, Respondent

On Petition for Review from the Board of Immigration Appeals
BIA-1 Nos. A99-683-290, A99-683-291, A99-683-292
Immigration Judge: The Honorable R. K. Malloy

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 21, 2010

Before: SMITH, FISHER, and COWEN, Circuit Judges

(Filed: July 8, 2010)

OPINION

SMITH, *Circuit Judge*.

Petitioners are citizens of Pakistan seeking asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). An Immigration Judge ("IJ") denied them

all relief, and the Board of Immigration Appeals ("BIA") dismissed their appeal and denied

reconsideration. Petitioners appeal both orders of the BIA.

The lead Petitioner ("Petitioner") is a Christian.[1] After spending 25 years in Bahrain, he and his wife returned to their native Pakistan. Petitioner provided a prospective business partner, a Muslim, with 2,500,000 rupees for a real estate venture, but the partner never delivered a deed. After two months in Pakistan, Petitioner and his partner got into a heated argument wherein Petitioner made unflattering statements about the founder of Islam. Petitioner remained in Pakistan for a month afterward. During that time he told the police what happened, but they refused to help him because he spoke out against Mohammed.

Petitioner and his family came to the United States and later filed an application for asylum, withholding of removal, and relief under the CAT. At a hearing before the IJ, Petitioner presented his own testimony and that of his pastor, a Christian who does missionary work in Pakistan. They both testified to the dire situations in which Christian Pakistanis often find themselves. The IJ found the facts stated above, that there is a strict blasphemy law in Pakistan, and that Petitioner violated it. Therefore, the IJ found, Petitioner will probably be prosecuted under it. However, the IJ found that such prosecution would not be persecution, and that Petitioner failed to establish a well-founded fear of future persecution. The IJ thus denied his application.

Petitioner appealed to the BIA, which noted first that Petitioner had no history of past persecution, so there would be no presumption of future prosecution, and second that

---

[1] Because we write only for the parties, we set forth the facts only briefly.

2

Petitioner failed to establish a well-founded fear of future persecution. The BIA concentrated on the fact that Petitioner remained in Pakistan for a month after insulting Mohammed and he told the police officer exactly what he said but was not arrested or targeted. Without a reasonably founded fear of future persecution, the BIA concluded that he was not entitled to asylum. It stated that its resolution obviated the need to discuss whether he blasphemed, though it disagreed with the IJ that prosecution under the blasphemy law could not be persecution.

Petitioner filed the instant petition for review of that decision and at the same time moved before the BIA for reconsideration. It denied the motion, and he filed a second petition for review with us, which is consolidated with the first. The BIA exercised jurisdiction pursuant to 8 C.F.R. § 1003.1(b), and we have jurisdiction under 8 U.S.C. § 1252(a). "When the BIA issues its own decision on the merits and not a summary affirmance, we review its decision, not that of the IJ." *Kaplun v. Att'y Gen.*, 602 F.3d 260, 265 (3d Cir. 2010) (citation omitted). Our review is *de novo*, subject to the rule from *Chevron v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837 (1984), but we review only questions of law, not "purely factual or discretionary determinations." *Kaplun*, 602 F.3d at 265 (citation omitted).

After a thorough review of the record, we conclude that the BIA did not err procedurally in its review of the IJ's determination, and that there was substantial evidence to support the BIA's decision. The BIA did not set aside any factual findings made by the IJ in arriving at its own conclusion that Petitioner was not entitled to relief. Rather, based

3

on the IJ's findings of fact, the BIA arrived at the sound conclusion that Petitioner was not entitled to asylum because he had not established a well-founded fear of future persecution. There was no error.

Because the BIA's denial of asylum cannot be disturbed, its conclusion that Petitioner failed to meet the higher burden for withholding of removal will be upheld. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003). The denial of CAT relief will likewise be upheld. 8 C.F.R. § 1208.16(c). Finally, the BIA's denial of Petitioner's motion for reconsideration will not be disturbed.